■ Peter Fisher, Respondent, v Thomas J. A. McClain et al., Appellants. [628 NYS2d 109] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about October 19, 1994, which granted plaintiff's motion to disaffirm the Special Referee's report recommending dismissal of the action for lack of personal jurisdiction over defendants, and denied defendants' motion to confirm the report, unanimously affirmed, with costs.

We agree with the IAS Court that jurisdictional fact finding should not be limited to the transactions and occurrences immediately surrounding defendants' execution of the promissory note sued upon, but should include the transactions and occurrences surrounding defendants' request for a loan and plaintiff's subsequent issuance of a check to defendant Thomas McClain some 18 months before defendants' issuance of the note to plaintiff, the note representing nothing more than the obligation that was due in the check plus interest. The place of contracting is not an exclusive criterion for determining the requisite transaction of business under CPLR 302 (a) (1), and other purposeful acts, "albeit preliminary or subsequent to [contract] execution", can satisfy the statutory test (*Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 457). With respect to the loan, there was clearly purposeful activity in New York, including physical presence, and, the check constituting antecedent consideration for the note, a substantial relationship exists between that activity and the claim asserted (see, *Kruetter v McFadden Oil Corp.*, 71 NY2d 460, 467). Defendant Brenda McClain, for her part, was an active participant and partner in her husband's activities, having traveled with him to New York, signed the promissory note and even prepared the note itself. Nor is there merit to defendants' contention that the action should be dismissed on the ground of forum non conveniens. Aside from the fact defendants never moved for such relief, the parties negotiated the loan in New York, and plaintiff's check was drawn on a New York bank and mailed from here. Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ.